**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| IMPLICIT, LLC, | § | |
| *Plaintiff*, | § | CIVIL ACTION NO. 6:17-cv-336 |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| PALO ALTO NETWORKS, INC., | § | |
| *Defendant.* | § | |

**ORIGINAL COMPLAINT AGAINST PALO ALTO NETWORK, INC.**

Plaintiff Implicit, LLC ("Plaintiff" or "Implicit"), by and through its attorneys, for its Original Complaint against Palo Alto Networks, Inc. ("Defendant" or "PAN"), and demanding trial by jury, hereby alleges as follows:

**I.   NATURE OF THE ACTION**

1.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to enjoin and obtain damages resulting from Defendant's unauthorized use, sale, and offer to sell in the United States of products, methods, processes, services and/or systems that infringe Implicit's United States patents, as described herein.

**II.   PARTIES**

2.      Plaintiff Implicit is a limited liability corporation organized and existing under the laws of Texas, with its principal place of business at 600 Congress Avenue, 14th Floor, STE 14149, Austin, Texas 78701.

3.      On information and belief, Defendant Palo Alto Networks, Inc. is a corporation organized under the laws of Delaware, having a regular and established place of business at 3901

North Dallas Parkway, Plano, Texas 75093.  Defendant's registered agent for service of process

in Texas is Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

### III.   JURISDICTION AND VENUE

4.      This is an action for patent infringement which arises under the Patent Laws of

the United States, in particular, 35 U.S.C. §§ 271, 281, 283, 284 and 285.

5.      This Court has exclusive jurisdiction over the subject matter of this action under

28 U.S.C. §§ 1331 and 1338(a).

6.      On information and belief, venue is proper in this district pursuant to 28 U.S.C.

§§ 1391(b), 1391(c), and 1400(b) because Defendant has transacted business in this district, and

has committed and/or induced acts of patent infringement in this district.

7.      On information and belief, Defendant is subject to this Court's specific and

general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at

least to its substantial business in this forum, including: (i) at least a portion of the infringements

alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses

of conduct, and/or deriving substantial revenue from goods and services provided to individuals

in Texas and in this Judicial District.

### IV.   FACTUAL ALLEGATIONS

8.      The original assignee of the Patents-in-Suit, Implicit Networks, Inc., was founded

in 1996 in Bellevue, Washington by one of the co-inventors of the Patents-in-Suit, Mr. Edward

Balassanian. Mr. Balassanian currently serves as the Manager of Implicit. Implicit provides

software platforms and products that enable OEMs and ISVs to build applications for networks.

Its products include Strings OS, which enables OEMs and ISVs to build, deploy, and manage

applications in the network and on the devices that access the network; and RADkit, a toolkit

designed specifically to build applications for network infrastructure and for devices that access the network.

9.      U.S. Patent No. 6,324,685 (the "'685 patent"), entitled "Applet Server that Provides Applets in Various Forms," issued on November 27, 2001.

10.      U.S. Patent No. 8,694,683 (the "'683 patent"), entitled "Method and System for Data Demultiplexing," issued on April 8, 2014.

11.      U.S. Patent No. 8,856,779 (the "'779 patent"), entitled "Application Server for Delivering Applets to Client Computing Devices in a Distributed Environment," issued on October 7, 2014.

12.      U.S. Patent No. 9,270,790 (the "'790 patent"), entitled "Method and System for Data Demultiplexing," issued on February 23, 2016.

13.      U.S. Patent No. 9,325,740 (the "'740 patent"), entitled "Application Server for Delivering Applets to Client Computing Devices in a Distributed Environment," issued on April 26, 2016.

14.      U.S. Patent No. 9,591,104 (the "'104 patent"), entitled "Method and System for Data Demultiplexing," issued on March 7, 2017.

15.      Together, the foregoing patents are referred to herein as the "Patents-in-Suit." Implicit is the current assignee of the Patents-in-Suit, and has all rights to sue for infringement and collect past and future damages for the infringement thereof.

16.      Defendant provides software and services directed to analysis and detection of packet content including attacks arising in a data network environment.  For example, Defendant makes, uses, sells and deploys PAN-OS 8.0, which among other features performs deep packet inspection and heuristic analyses of traffic in a data network. Defendant's deep packet inspection

implementation and heuristic analysis engine enable PAN-OS 8.0, and the next-generation firewalls it runs on, to analyze and respond to the contents of packets at multiple communication protocol layers.

17.     PAN-OS 8.0 and the next-generation firewalls running it protect clients from security threats by insuring that any application received at the client complies with the client's security configurations prior to being sent to the client.  For example, if a requested web page applet includes objects that do not meet a client's security configurations, a next-generation firewall running PAN-OS 8.0 will generate a new form of the requested applet with a warning message instead of the nonconforming object prior to sending it to the client or a new form of the requested applet with nonconforming functionality blocked.

18.     Defendant generally describes some of the infringing functionality of PAN-OS 8.0 and its next-generation firewalls as set forth below.



**Superior architecture, superior benefits**

- **Complete visibility and precise control**: Our next-generation firewalls provide complete visibility into all network traffic based on applications, users, content and devices.
- **Automated security**: Innovative features reduce manual tasks and enhance your security posture, for example, by disseminating protections from previously unknown threats globally in near-real time, correlating a series of related threat events to indicate a likely attack on your network, and using dynamic address groups in security rules to avoid updating server IP addresses frequently.
- **Protection for your users and data everywhere**: Our next-generation firewalls are natively integrated with our security platform, which prevents advanced and unknown cyberthreats no matter where the users and data are located: in your network, on your endpoints and in the cloud.

https://www.paloaltonetworks.com/products/secure-the-network/next-generation-firewall



**VM-Series: Next-Generation Security for Private and Public Clouds**

The VM-Series is a virtualized form factor of our next-generation firewall that can be deployed in a range of private and public cloud computing environments based on technologies from VMware®, Amazon® Web Services, Microsoft®, Citrix® and KVM.

The VM-Series natively analyzes all traffic in a single pass to determine the application identity, the content within, and the user identity. These core elements of your business can then be used as integral components of your security policy, enabling you to improve your security efficacy through a positive control model and reduce your incident response time though complete visibility into applications across all ports.

In both private and public cloud environments, the VM-Series can be deployed as a perimeter gateway, an IPsec VPN termination point, and a segmentation gateway, protecting your workloads with application enablement and threat prevention policies.

https://www.paloaltonetworks.com/products/secure-the-network/virtualized-next-generation-firewall/vm-series

## App-ID Overview

App-ID, a patented traffic classification system only available in Palo Alto Networks firewalls, determines what an application is irrespective of port, protocol, encryption (SSH or SSL) or any other evasive tactic used by the application. It applies multiple classification mechanisms—application signatures, application protocol decoding, and heuristics—to your network traffic stream to accurately identify applications.

Here's how App-ID identifies applications traversing your network:

- Traffic is matched against policy to check whether it is allowed on the network.

- Signatures are then applied to allowed traffic to identify the application based on unique application properties and related transaction characteristics. The signature also determines if the application is being used on its default port or it is using a non-standard port. If the traffic is allowed by policy, the traffic is then scanned for threats and further analyzed for identifying the application more granularly.

- If App-ID determines that encryption (SSL or SSH) is in use, and a Decryption policy rule is in place, the session is decrypted and application signatures are applied again on the decrypted flow.

- Decoders for known protocols are then used to apply additional context-based signatures to detect other applications that may be tunneling inside of the protocol (for example, Yahoo! Instant Messenger used across HTTP). Decoders validate that the traffic conforms to the protocol specification and provide support for NAT traversal and opening dynamic pinholes for applications such as SIP and FTP.

- For applications that are particularly evasive and cannot be identified through advanced signature and protocol analysis, heuristics or behavioral analysis may be used to determine the identity of the application.

When the application is identified, the policy check determines how to treat the application, for example—block, or allow and scan for threats, inspect for unauthorized file transfer and data patterns, or shape using QoS.

https://www.paloaltonetworks.com/documentation/80/pan-os/pan-os/app-id/app-id-overview

## User-ID Overview

User-ID™ enables you to identify all users on your network using a variety of techniques to ensure that you can identify users in all locations using a variety of access methods and operating systems, including Microsoft Windows, Apple iOS, Mac OS, Android, and Linux®/UNIX. Knowing who your users are instead of just their IP addresses enables:

- **Visibility**—Improved visibility into application usage based on users gives you a more relevant picture of network activity. The power of User-ID becomes evident when you notice a strange or unfamiliar application on your network. Using either ACC or the log viewer, your security team can discern what the application is, who the user is, the bandwidth and session consumption, along with the source and destination of the application traffic, as well as any associated threats.

- **Policy control** —Tying user information to Security policy rules improves safe enablement of applications traversing the network and ensures that only those users who have a business need for an application have access. For example, some applications, such as SaaS applications that enable access to Human Resources services (such as Workday or Service Now) must be available to any known user on your network. However, for more sensitive applications you can reduce your attack surface by ensuring that only users who need these applications can access them. For example, while IT support personnel may legitimately need access to remote desktop applications, the majority of your users do not.

- **Logging, reporting, forensics** —If a security incident occurs, forensics analysis and reporting based on user information rather than just IP addresses provides a more complete picture of the incident. For example, you can use the pre-defined User/Group Activity to see a summary of the web activity of individual users or user groups, or the SaaS Application Usage report to see which users are transferring the most data over unsanctioned SaaS applications.

https://www.paloaltonetworks.com/documentation/80/pan-os/pan-os/user-id/user-id-overview#_67469

## Enable User- and Group-Based Policy

After you Enable User-ID, you will be able to configure Security Policy that applies to specific users and groups. User-based policy controls can also include application information (including which category and subcategory it belongs in, its underlying technology, or what the application characteristics are). You can define policy rules to safely enable applications based on users or groups of users, in either outbound or inbound directions.

Examples of user-based policies include:

- Enable only the IT department to use tools such as SSH, telnet, and FTP on standard ports.
- Allow the Help Desk Services group to use Slack.
- Allow all users to read Facebook, but block the use of Facebook apps, and restrict posting to employees in marketing.

https://www.paloaltonetworks.com/content/dam/pan/en_US/assets/pdf/framemaker/80/pan-os/pan-os.pdf

19.    Defendant's "Exemplary Accused Devices" include the PA-7000, PA-5200, PA-5000, PA-3000, PA-800, PA-500, PA-220, PA-200, VM-700, VM-500, VM-300, VM-100, and VM-50 Series next-generation firewalls running PAN-OS 8.0.

20.    On information of belief, Defendant also implements contractual protections in the form of license agreements with its customers to preclude the unauthorized reproduction, distribution and modification of its software.  Moreover, on information and belief, Defendant implements technical measures to attempt to thwart customers who would circumvent the intended operation of Defendant's products.

21.    Moreover, Defendant provides its customers with the Exemplary Accused Devices and PAN-OS 8.0 and instructs its customers to use the products and software in an infringing manner, including through its website at https://www.paloaltonetworks.com/documentation/platforms and https://www.paloaltonetworks.com/documentation/80/pan-os.

22.    On information and belief, Defendant received notice of at least Implicit's '683 patent and its infringement thereof at least as early as its receipt of an August 14, 2014 from an

agent of Implicit discussing the '683 patent, its relevance to Defendant's products, and an offer to license Implicit's patents, including the '683 patent.

## V.  COUNT ONE

### INFRINGEMENT OF U.S. PATENT NO. 6,324,685

23.     Implicit incorporates by reference its allegations in Paragraphs 1-22 as if fully restated in this paragraph.

24.     Implicit is the assignee and owner of all right, title and interest to the '685 Patent. Implicit has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

25.     On information and belief, Defendant, without authorization or license from Implicit, has been and is presently directly infringing the '685 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using, selling and offering for sale methods and articles infringing one or more claims of the '685 Patent.  Defendant is thus liable for direct infringement of the '685 Patent pursuant to 35 U.S.C. § 271(a).

26.     On information and belief, at least since the filing of this Complaint, Defendant, without authorization or license from Implicit, has been and is presently indirectly infringing the '685 Patent, including actively inducing infringement of the '685 Patent under 35 U.S.C. § 271(b).  Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that Defendant knows or should know infringe one or more claims of the '685 Patent.  Defendant instructs its customers (including, by way of example, solution briefs, sales sheets, case studies, best practices recommendations, technical documents, whitepapers, administrator's guides, hardware reference guides, and other training located at https://www.paloaltonetworks.com/documentation/platforms  and  https://www.paloaltonetworks.com/documentation/80/pan-os)  to

make and use the patented inventions of the '685 patent by operating Defendant's products in accordance with Defendant's specifications.  Defendant specifically intends its customers to infringe by implementing PAN-OS 8.0 in accordance with those instructions and specifications in an infringing manner to have application servers generate applications in the form of webpages in a manner that is responsive to and/or customized to requesting clients.

27.     Defendant is accused of infringing the '685 Patent by satisfying every element and limitation of at least one or more claims of the '685 Patent.

28.     As a result of Defendant's infringement of the '685 Patent, Implicit has suffered monetary damages, and is entitled to an award of damages adequate to compensate it for such infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## VI.   COUNT TWO

### INFRINGEMENT OF U.S. PATENT NO. 8,694,683

29.     Implicit incorporates by reference its allegations in Paragraphs 1-28 as if fully restated in this paragraph.

30.     Implicit is the assignee and owner of all right, title and interest to the '683 Patent. Implicit has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

31.     On information and belief, Defendant, without authorization or license from Implicit, has been and is presently directly infringing the '683 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using, selling and offering for sale methods and articles infringing one or more claims of the '683 Patent.  Defendant is thus liable for direct infringement of the '683 Patent pursuant to 35 U.S.C. § 271(a).

32.     On information and belief, at least since the filing of this Complaint, Defendant, without authorization or license from Implicit, has been and is presently indirectly infringing the

'683 Patent, including actively inducing infringement of the '683 Patent under 35 U.S.C. § 271(b).   Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that Defendant knows or should know infringe one or more claims of the '683 Patent.   Defendant instructs (including, by way of example, solution briefs, sales sheets, case studies, best practices recommendations, technical documents, whitepapers, administrator's guides, hardware reference guides,      and      other      training      located      at      https://www.paloaltonetworks.com/documentation/platforms  and  https://www.paloaltonetworks.com/documentation/80/pan-os) its customers  to make and use the patented inventions of the '683 patent by operating Defendant's products in accordance with Defendant's specifications.   Defendant specifically intends its customers to infringe by using the deep packet inspection and heuristic analysis technology of the Exemplary Accused Devices in accordance with those instructions and specifications in an infringing manner.

33.      Defendant is accused of infringing the '683 Patent by satisfying every element and limitation of at least one or more claims of the '683 Patent.

34.      As a result of Defendant's infringement of the '683 Patent, Implicit has suffered monetary damages, and is entitled to an award of damages adequate to compensate it for such infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## VII.  COUNT THREE

## INFRINGEMENT OF U.S. PATENT NO. 8,856,779

35.      Implicit incorporates by reference its allegations in Paragraphs 1-34 as if fully restated in this paragraph.

36.     Implicit is the assignee and owner of all right, title and interest to the '779 Patent. Implicit has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

37.     On information and belief, Defendant, without authorization or license from Implicit, has been and is presently directly infringing the '779 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using, selling and offering for sale methods and articles infringing one or more claims of the '779 Patent.  Defendant is thus liable for direct infringement of the '779 Patent pursuant to 35 U.S.C. § 271(a).

38.     On information and belief, at least since the filing of this Complaint, Defendant, without authorization or license from Implicit, has been and is presently indirectly infringing the '779 Patent, including actively inducing infringement of the '779 Patent under 35 U.S.C. § 271(b).  Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that Defendant knows or should know infringe one or more claims of the '779 Patent.  Defendant instructs (including, by way of example, solution briefs, sales sheets, case studies, best practices recommendations, technical documents, whitepapers, administrator's guides, hardware reference guides,    and    other    training    located    at    https://www.paloaltonetworks.com/ documentation/platforms  and  https://www.paloaltonetworks.com/documentation/80/pan-os)  its customers to make and use the patented inventions of the '779 patent by operating Defendant's products in accordance with Defendant's specifications.  Defendant specifically intends its customers to infringe by implementing PAN-OS 8.0 in accordance with those instructions and specifications in an infringing manner to have application servers generate applications in the form of webpages in a manner that is responsive to and/or customized to requesting clients.

39.     Defendant is accused of infringing the '779 Patent by satisfying every element and limitation of at least one or more claims of the '779 Patent.

40.     As a result of Defendant's infringement of the '779 Patent, Implicit has suffered monetary damages, and is entitled to an award of damages adequate to compensate it for such infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## VIII.  COUNT FOUR

## INFRINGEMENT OF U.S. PATENT NO. 9,270,790

41.     Implicit incorporates by reference its allegations in Paragraphs 1-40 as if fully restated in this paragraph.

42.     Implicit is the assignee and owner of all right, title and interest to the '790 Patent. Implicit has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

43.     On information and belief, Defendant, without authorization or license from Implicit, has been and is presently directly infringing the '790 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using, selling and offering for sale methods and articles infringing one or more claims of the '790 Patent.  Defendant is thus liable for direct infringement of the '790 Patent pursuant to 35 U.S.C. § 271(a).

*44.*     On information and belief, at least since the filing of this Complaint, Defendant, without authorization or license from Implicit, has been and is presently indirectly infringing the '790 Patent, including actively inducing infringement of the '790 Patent under 35 U.S.C. § 271(b).  Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that Defendant knows or should know infringe one or more claims of the '790 Patent.  Defendant instructs (including, by way of example, solution briefs, sales sheets, case studies, best practices

recommendations, technical documents, whitepapers, administrator's guides, hardware reference guides, and other training located at https://www.paloaltonetworks.com/documentation/platforms and https://www.paloaltonetworks.com/documentation/80/pan-os) its customers to make and use the patented inventions of the '790 patent by operating Defendant's products in accordance with Defendant's specifications.  Defendant specifically intends its customers to infringe by using the deep packet inspection and heuristic analysis technology of the Exemplary Accused Devices in accordance with those instructions and specifications in an infringing manner.

45.     Defendant is accused of infringing the '790 Patent by satisfying every element and limitation of at least one or more claims of the '790 Patent.

46.     As a result of Defendant's infringement of the '790 Patent, Implicit has suffered monetary damages, and is entitled to an award of damages adequate to compensate it for such infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## IX.  COUNT FIVE

### INFRINGEMENT OF U.S. PATENT NO. 9,325,740

47.     Implicit incorporates by reference its allegations in Paragraphs 1-46 as if fully restated in this paragraph.

48.     Implicit is the assignee and owner of all right, title and interest to the '740 Patent. Implicit has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

49.     On information and belief, Defendant, without authorization or license from Implicit, has been and is presently directly infringing the '740 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using, selling and offering for sale methods

and articles infringing one or more claims of the '740 Patent.  Defendant is thus liable for direct infringement of the '740 Patent pursuant to 35 U.S.C. § 271(a).

50.     On information and belief, at least since the filing of this Complaint, Defendant, without authorization or license from Implicit, has been and is presently indirectly infringing the '740 Patent, including actively inducing infringement of the '740 Patent under 35 U.S.C. § 271(b).  Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that Defendant knows or should know infringe one or more claims of the '740 Patent.  Defendant instructs (including, by way of example, solution briefs, sales sheets, case studies, best practices recommendations, technical documents, whitepapers, administrator's guides, hardware reference guides, and other training located at https://www.paloaltonetworks.com/documentation/platforms and https://www.paloaltonetworks.com/documentation/80/pan-os) its customers to make and use the patented inventions of the '740 patent by operating Defendant's products in accordance with Defendant's specifications.  Defendant specifically intends its customers to infringe by implementing PAN-OS 8.0 in accordance with those instructions and specifications in an infringing manner to have application servers generate applications in the form of webpages in a manner that is responsive to and/or customized to requesting clients.

51.     Defendant is accused of infringing the '740 Patent by satisfying every element and limitation of at least one or more claims of the '740 Patent.

52.     As a result of Defendant's infringement of the '740 Patent, Implicit has suffered monetary damages, and is entitled to an award of damages adequate to compensate it for such infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## X.   COUNT SIX

### INFRINGEMENT OF U.S. PATENT NO. 9,591,104

53.     Implicit incorporates by reference its allegations in Paragraphs 1-52 as if fully restated in this paragraph.

54.     Implicit is the assignee and owner of all right, title and interest to the '104 Patent. Implicit has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

55.     On information and belief, Defendant, without authorization or license from Implicit, has been and is presently directly infringing the '104 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using, selling and offering for sale methods and articles infringing one or more claims of the '104 Patent.  Defendant is thus liable for direct infringement of the '104 Patent pursuant to 35 U.S.C. § 271(a).

56.     On information and belief, at least since the filing of this Complaint, Defendant, without authorization or license from Implicit, has been and is presently indirectly infringing the '104 Patent, including actively inducing infringement of the '104 Patent under 35 U.S.C. § 271(b).  Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that Defendant knows or should know infringe one or more claims of the '104 Patent.  Defendant instructs (including, by way of example, solution briefs, sales sheets, case studies, best practices recommendations, technical documents, whitepapers, administrator's guides, hardware reference guides, and other training located at https://www.paloaltonetworks.com/documentation/platforms and https://www.paloaltonetworks.com/documentation/80/pan-os) its customers to make and use the patented inventions of the '104 patent by operating Defendant's products in accordance with Defendant's specifications.  Defendant specifically intends its

customers to infringe by using the deep packet inspection and heuristic analysis technology of the Exemplary Accused Devices in accordance with those instructions and specifications in an infringing manner.

57.     Defendant is accused of infringing the '104 Patent by satisfying every element and limitation of at least one or more claims of the '104 Patent.

58.     As a result of Defendant's infringement of the '104 Patent, Implicit has suffered monetary damages, and is entitled to an award of damages adequate to compensate it for such infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## XI.  COUNT SEVEN

## WILLFULL INFRINGEMENT

59.     Implicit incorporates by reference its allegations in Paragraphs 1-58 as if fully restated in this paragraph.

60.     Defendant has had knowledge of one or more of the Patents-in-Suit prior to the filing of this law suit and continued its infringement thereof. On information and belief, Defendant willfully disregarded the risk that its actions constituted infringement of a valid patent. Accordingly, Defendant is knowingly or with reckless disregard willfully infringing one or more of the Patents-in-Suit.  Accordingly, Implicit seeks enhanced damages pursuant to 35 U.S.C. § 284.

## XII.  JURY DEMAND

61.     Plaintiff Implicit demands a trial by jury of all matters to which it is entitled to trial by jury, pursuant to FED. R. CIV. P. 38.

## XIII.   PRAYER FOR RELIEF

WHEREFORE, Implicit prays for judgment and seeks relief against Defendant as follows:

A.   That the Court determine that one or more claims of the Patents-in-Suit is infringed by Defendant, either literally or under the doctrine of equivalents;

B.   That the Court award damages adequate to compensate Implicit for the patent infringement that has occurred, together with prejudgment and post-judgment interest and costs, and an ongoing royalty for continued infringement;

C.   That the Court treble damages as provided by 35 U.S.C. § 284 in view of the knowing,  willful, and intentional nature of Defendant's acts; and

D.   That the Court award such other relief to Implicit as the Court deems just and proper.

Dated: June 7, 2017

Respectfully submitted,

By:  /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
**THE DAVIS FIRM, PC**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661
E-mail: bdavis@bdavisfirm.com

Andrew G. DiNovo
Texas State Bar No. 00790594
adinovo@dpelaw.com
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@dpelaw.com
Christopher V. Goodpastor
Texas State Bar No. 00791991
cgoodpastor@dpelaw.com
Daniel L. Schmid
Texas State Bar No. 24093118
dschmid@dpelaw.com

**DINOVO PRICE ELLWANGER LLP**
7000 N. MoPac Expressway, Suite 350
Austin, Texas  78731
Telephone:  (512) 539-2626
Telecopier:  (512) 539-2627

*Counsel for Plaintiff*
*Implicit, LLC*