**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| IMPLICIT, LLC, § § *Plaintiff*, § § v. § § HUAWEI TECHNOLOGIES USA, INC., et al. § § *Defendants.* § | | CIVIL ACTION NO. 6:17-cv-182-JRG **(LEAD CASE)** JURY TRIAL DEMANDED |
| IMPLICIT, LLC, § *Plaintiff*, § § v. § § PALO ALTO NETWORKS, INC., § *Defendant.* § § § | | CIVIL ACTION NO. 6:17-cv-336-JRG **(CONSOLIDATED CASE)** JURY TRIAL DEMANDED |

**JOINT MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S
MOTION TO TRANSFER VENUE FOR TAKING VENUE-RELATED DISCOVERY**

Plaintiff Implicit, LLC ("Implicit") and Defendant Palo Alto Networks, Inc. ("PAN") file this Joint Motion for Extension of Time to Respond to Defendant's Motion to Transfer Venue ("Motion to Transfer") for Taking Venue-Related Discovery regarding facts concerning the Motion to Transfer. This Motion is based on the following facts:

1. PAN seeks to transfer this case to the United States District Court for the Northern District of California under 28 U.S.C. § 1404(a). (Doc. 23).

2. Implicit's response to the Motion to Transfer is presently due on October 2, 2017.

3. The parties have conferred regarding the scope and timing of discovery regarding the Motion to Transfer.

4. Having conferred, the parties have agreed, subject to the approval of the Court, to

extend the time for Implicit to respond to PAN's Motion to Transfer by 90 days, so that Implicit may conduct discovery on venue-related issues relevant to its Response in Opposition to PAN's Motion to Transfer.

5. The parties have further agreed that any Rule 30(b)(6) or other deposition testimony taken of PAN or its employees during this time period will be limited to venue-related topics. The parties agree that, to the extent Implicit seeks a second deposition on non-venue issues later in this case of any deponent who gives such deposition testimony regarding venue-related issues, PAN will not object to such a second deposition on the basis that the deponent has already been deposed in this case.

6. The parties have further agreed to meet and confer regarding extending the time for PAN to submit its Reply in support of its Motion to Transfer, in the event that PAN believes it needs to take venue-related discovery of Implicit relevant to its Reply.

7. Implicit has agreed not to argue that the delay resulting from this extension of time supports its opposition to PAN's Motion to Transfer.

8. Accordingly, good cause exists for the parties' requested extension of time for purposes of taking venue discovery. The parties seek the requested relief not for the purpose of delay, but rather so that justice may be done.

WHEREFORE Plaintiff Implicit, LLC and Defendant Palo Alto Networks, Inc. respectfully seek an order enlarging the time for Implicit to respond to Defendant Palo Alto Networks, Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) by 90 days, *i.e.*, until December 31, 2017, for purposes of allowing Implicit to conduct venue-related discovery.

A proposed order is submitted herewith.

Dated: September 26, 2017

By: /s/ Melissa R. Smith
Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257

Matthew C. Gaudet
David C. Dotson
John R Gibson
Louis N. Jameson
S. Neil Anderson
**DUANE MORRIS LLP**
1075 Peachtree Street, NE, Suite 2000
Atlanta, GA 30309-3929
Telephone: (404) 253-6902
Facsimile: (404) 253-6901
Email: mcgaudet@duanemorris.com
Email: dcdotson@duanemorris.com
Email: jrgibson@duanemorris.com
Email: wjameson@duanemorris.com
Email: snanderson@duanemorris.com

*Counsel for Defendant*
*Palo Alto Networks, Inc.*

Respectfully submitted,

By: /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
bdavis@bdavisfirm.com
**THE DAVIS FIRM P.C.**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

Benjamin L. Singer, *pro hac vice*
California Bar No. 264295
bsinger@singerbea.com
James Hopenfeld, *pro hac vice*
California Bar No. 190268
jhopenfeld@singerbea.com
Adam S. Cashman, *pro hac vice*
California Bar No. 255063
acashman@singerbea.com
Evan N. Budaj
California Bar No. 271213
ebudaj@singerbea.com
Walter C. Pfeffer, pro hac vice
California Bar No. 289421
wpfeffer@singerbea.com
**SINGER / BEA LLP**
601 Montgomery Street, Suite 1950
San Francisco, CA 94111
Telephone: (415) 500-6080
Facsimile: (415) 500-6080

*Counsel for Plaintiff*
*Implicit, LLC*

3

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document is being filed electronically in compliance with Local Rule CV-5(a). As such, this document is being served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(V). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), any counsel of record not deemed to have consented to electronic service will be served with a true and correct copy of the foregoing by email on this 26th day of September 2017.

                                        /s/ William E. Davis, III
                                        William E. Davis, III