# EXHIBIT N

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| IMPLICIT, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>HUAWEI TECHNOLOGIES USA, INC.,<br><br>    Defendant. | Case No. 6:17-CV-182-JRG<br>LEAD CASE<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT PALO ALTO NETWORKS INC.'S
INITIAL AND ADDITIONAL DISCLOSURES**

COMES NOW Defendant Palo Alto Networks Inc. ("PAN"), by and through its undersigned counsel, and pursuant to the agreed deadlines in the Docket Control Order and Discovery Order submitted by the parties in this case, sets forth its Initial Disclosures and Additional Disclosures.

**RESERVATION OF RIGHTS**

1. These disclosures are based upon information reasonably available to PAN as of the date that these disclosures were prepared. Accordingly, PAN reserves the right to supplement the information provided herein if additional information becomes known to it as its investigation of the facts of this case continues.

2. These disclosures are based upon the accused PAN products/services identified in Plaintiff's Complaint. To the extent Plaintiff later identifies additional or different accused products or services, *e.g.*, in its forthcoming infringement contentions, PAN reserves the right to amend these disclosures.

3. These disclosures are not intended to and do not waive any objections that PAN may later have to any discovery in this action. PAN expressly reserves any and all objections that it has, has had, or may have including, but not limited to, objections based on relevance, attorney-client privilege, attorney work-product privilege, the common interest privilege, or any other applicable privilege or protection; undue burden or harassment; immateriality; overbreadth; and proportionality.

4. PAN expressly reserves the right to clarify, amend, modify or supplement the information contained in these disclosures in the event that it obtains additional information, to the extent required by the Federal Rules of Civil Procedure, or by an order of the Court.

5. PAN expressly reserves the right to identify or call as witnesses individuals in addition to those identified herein if it discovers that such individuals have or might have knowledge of matters relevant to this action.

Any and all of these disclosures are made subject to and without limiting any of the foregoing reservation or rights.

## INITIAL DISCLOSURES

**(a) The correct names of the parties to the lawsuit.**

Palo Alto Networks, Inc. is the proper name of the defendant; however, PAN denies all allegations of infringement.

**(b) The name, address, and telephone number of any potential parties.**

At this time, based on the current status of the record, it is unclear whether all necessary plaintiffs are named in the Complaint and whether Plaintiff has standing to assert the claims in the Complaint. PAN intends to take discovery to determine whether Plaintiff has standing and

whether there are additional assignees or other parties with an interest in the patents-in-suit that are necessary plaintiffs.

**(c) The legal theories and, in general, the factual bases of the disclosing party's claims or defenses.**

PAN denies that it infringes, directly or indirectly, any valid and enforceable claim of asserted U.S. Patent Nos. 6,324,685 (the "'685 Patent"), 8,694,683 (the "'683 Patent"), 8,856,779 (the "'779 Patent"), 9,270,790 (the "'790 Patent"), 9,325,740 ("the '740 Patent"), and 9,591,104 ("the '104 Patent") (collectively, the "patents-in-suit"), as properly construed. The accused products do not infringe any valid and enforceable claim of the patents-in-suit because they do not include or perform every element required by the claims.

With respect to the demultiplexing patents (*i.e.*, the '683, '790 and '104 Patents), the accused products do not, either alone or in combination, "obtain" or "receive" a "packet" or "packets" from a message and, in response to the "packet" or "packets", "create" or "identify" a "path" or "sequence" of "routines" obtained from information located in the "packet" or "packets."

By way of example for the '683 Patent, the accused products do not include:

- "a memory storing instructions executable by the processing unit to:
  - create, based on an identification of information in a received packet of a message, a path that includes one or more data structures that indicate a sequence of routines for processing packets in the message;
  - store the created path; and
  - process subsequent packets in the message using the sequence of routines indicated in the stored path,
- wherein the sequence includes a routine that is used to execute a Transmission Control Protocol (TCP) to convert one or more packets having a TCP format into a different format."

'683 Patent, claim 1.

By way of example for the '790 Patent, the accused products do not include:

- "a memory storing instructions executable by the processing unit to:

3

- o receive one or more packets of a message;
- o identify, using an IP address and one or more port addresses located in one of the received packets, a sequence of two or more routines for processing packets in the message; and
- o process the one or more received packets using the identified sequence of routines, wherein the sequence includes a routine that is executable to perform a Transmission Control Protocol (TCP) to convert at least one of the packets of the message into a different format."

'790 Patent, claim 8

By way of example for the '104 Patent, the accused products do not include:

- "a memory storing instructions executable by the processing unit to:
  - o receive one or more packets of a message;
  - o determine a key value using information in the one or more packets;
  - o identify, using the key value, a sequence of two or more routines, wherein the sequence includes a routine that is used to execute a Transmission Control Protocol (TCP) to process packets having a TCP format;
  - o create a path that includes one or more data structures that indicate the identified sequence of two or more routines, wherein the path is usable to store state information associated with the message; and
  - o process subsequent packets in the message using the sequence of two or more routines indicated in the path."

'104 Patent, claim 1

With respect to the applet patents (*i.e.*, the '685, '779, and '740 Patents), the accused products do not, either alone or in combination, receive requests from clients for a form of an "application" or "applet" and, in response to the request, generate the requested form of the "application" or "applet" and send that form to the client. By way of example for the '685 Patent, the accused products do not perform any of the steps of:

- "receiving a request from a client computer, the request identifying an application and identifying a form of the application, the identified form being one of a plurality of available forms";
- "in response to receiving the request, generating the identified form of the application from another form of the application";
- "sending the identified form of the application to the client computer"; and
- "caching the identified form of the application so that when another request is received for the application in the identified form, the identified form of the

4

>application can be sent without regenerating the identified form of the application."

'685 Patent, claim 1.

By way of example for the '779 Patent, the accused products do not perform any of the steps of:

- "receiving an applet request at a computer system from a first client computer, wherein the applet request specifies a particular applet for the first client computer and specifies one or more client parameters for the first client computer";
- "the computer system processing the applet request to cause, the particular applet to be generated, wherein the generated particular applet includes source code that is in a form based on the specified one or more client parameters for the first client computer"; and
- "sending the particular applet from the computer system to the first client computer."

'779 Patent, claim 1.

By way of example for the '740 Patent, the accused products do not perform any of the operations of:

- "receiving, at the computer system, a first HTTP request from a first client computer for a resource, wherein the resource includes source code";
- "producing, by the computer system, the resource for the first client computer, wherein the producing includes: conveying, by the computer system, a request for the resource to an external network; receiving, at the computer system, the resource from the external network; and performing, by the computer system, a transformation operation on the resource"; and
- "sending, by the computer system, the produced resource to the first client computer in response to the first HTTP request."

'740 Patent, claim 1.

Nor has PAN contributed to the infringement or induced the infringement of any valid, enforceable claim of the patents-in-suit. Facts supporting these defenses include, but are not limited to, the structure and operation of the accused products, the patents-in-suit, and the prosecution history of the patents-in-suit.

PAN further contends that each asserted claim of the patents-in-suit is invalid pursuant to one or more of 35 U.S.C. § 101, 102, 103, and/or 112. Specifics pertaining to the invalidity of the asserted claims will be set forth in PAN's invalidity contentions, which will be served pursuant to the Court's Docket Control Order and the Local Patent Rules. PAN continues to seek additional discoverable information regarding prior art and other invalidity defenses, including additional evidence relating to prior art patents, publications, sales, public uses, or systems previously disclosed or relating to any additional prior art that may exist. Facts relating thereto may be possessed by the authors, developers, inventors, assignees, custodians of records, or other persons having knowledge relating to such prior art.

PAN also contends that Plaintiff's claims are barred or limited by waiver, acquiescence, and/or estoppel. For example, the Plaintiff alleges that "Defendant received notice of least Implicit's '683 Patent and its infringement thereof at least as early as its receipt of an August 14, 2014 [sic] from an agent of Implicit." Complaint at ¶ 22. However, Plaintiff did not file the instant lawsuit until nearly three years later. To the extent Plaintiff or a predecessor believed PAN to infringe, it should have brought suit against PAN earlier. PAN further contends that Plaintiff's claims will be limited by the doctrines of prosecution history estoppel/disclaimer as a result of limiting statements made during prosecution of the patents-in-suit, and as adopted by this Court in earlier litigation. PAN further contends that Plaintiff's claim for damages will be limited by apportionment, and the six-year limitation on damages in 35 U.S.C. § 286, among others. Additionally, pursuant to 35 U.S.C. § 287, to the extent Plaintiff, its licensees, or its predecessors-in-interest failed to properly mark any of the relevant products and/or provide adequate notice that PAN's products allegedly infringe one or more of the patents-in-suit, Plaintiff may not recover any damages for PAN's actions prior to PAN receiving actual notice of

the patents-in-suit and its alleged infringement. Plaintiff is also not entitled to recover attorney's fees or costs because PAN has engaged in all relevant activities in good faith.

**(d)　The name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person.**

The following individuals are current employees of PAN or a related PAN entity and should be contacted only through outside counsel at Duane Morris LLP:

| Name | Connection to the case | Summary of witness' knowledge |
|---|---|---|
| Rene Bonvanie (Santa Clara, California) | PAN employee | Knowledgeable regarding marketing of accused products |
| Jesse Ralston (Santa Clara, California) | PAN employee | Knowledgeable regarding development of accused products |
| Vonnie French (Santa Clara, California) | PAN employee | Knowledgeable regarding purchasing of components for accused products |
| Kevin Smith (Santa Clara, California) | PAN employee | Knowledgeable regarding vendors and original design manufacturers for accused products |
| Mike Jacobsen (Santa Clara, California) | PAN employee | Knowledgeable regarding lifecycle of accused products |
| Jean Compeau (Santa Clara, California) | PAN employee | Knowledgeable regarding sales of accused products and revenues associated with accused products |

The following individuals are believed to be current employees of Plaintiff and are expected to be contacted through Plaintiff's outside counsel:

| Name | Connection to the case | Summary of witness' knowledge |
|---|---|---|
| Corporate Representative of Plaintiff | Employee of Plaintiff | Corporate history of Plaintiff and its predecessors-in-interest; Plaintiff's acquisition of the patents-in-suit; |

| | | |
|---|---|---|
| | | Plaintiff's licensing efforts and activity concerning the patents-in-suit; Plaintiff's efforts to ensure adequate marking. |
| Edward Balassanian | Inventor of the patents-in-suit | Conception, reduction to practice, design, and development relating to the patents-in-suit; prosecution of the patents-in-suit; commercialization, public demonstrations, and public disclosure of embodiments of the patents-in-suit. |

The following individuals are third parties to this litigation and can be contacted via the means identified below (to the extent known):

| Name | Connection to the case | Summary of witness' knowledge |
|---|---|---|
| David S. Wolf | Inventor of U.S. Patent No. 7,730,211 | Conception, reduction to practice, design, and development relating to the '211 Patent; prosecution of the '211 Patent; commercialization, public demonstrations, and public disclosure of embodiments of the '211 Patent. |
| Dean M. Munyon, Danielle Kramer, Deena Beasley, LiLan Ren, Lori Kim Tonnes-Priddy<br>Meyertons, Hood, Kivlin, Kowert & Guetzel PC<br>P.O. Box 398<br>Austin, TX 78767<br>512-853-8800 | Prosecuting attorneys for '683, '779 Patent, '790 Patent, '104 Patent, and/or '740 Patents | Prosecution and commercial embodiments of the '683, '779, '790, '104, and '740 Patents; commercialization, public demonstrations, and public disclosures of embodiments of the '683, '779, '790, '104, and '740 Patents; prior art relating to the '683, '779, '790, '104, and '740 Patents. |
| Randall H. Moeller, Michael Spain<br>Newman Du Wors, LLP | Prosecuting attorneys for the '779 Patent | Prosecution and commercial embodiments of the '779 Patent; commercialization, public demonstrations, and public disclosures of embodiments of the '779 Patent; prior art relating to the |

|  |  | '779 Patent. |
|---|---|---|
| Perkins Coie LLP | Prosecuting attorneys for the '685 Patent | Prosecution and commercial embodiments of the '685 Patent; commercialization, public demonstrations, and public disclosures of embodiments of the '685 Patent; prior art relating to the '685 Patent. |

**(e)  Any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.**

PAN is not aware of any such agreements at this time.

**(f)  Any settlement agreements relevant to the subject matter of this action.**

At this time, PAN is not aware of any agreements to which PAN or a related PAN entity is a party that is relevant to this action. PAN believes that the settlement agreements between Plaintiff (or a predecessor-in-interest to Plaintiff, including but not limited to Becomm Corporation or Implicit Networks, Inc.) and any defendant to prior litigation involving the patents-in-suit or any related patents may be relevant to this action. This includes, but is not limited to, agreements entered between Implicit and Ericsson, Huawei, Microsoft, HTC, LG, Nokia, Palm, Samsung, Sony Ericsson, NVIDIA, Sun Microsystems, AMD, Raza Microelectronics, Intel, Real Networks, Citrix, Cisco, HP, F5, Juniper, Oracle, Adobe, SAP, Sybase, IBM, VMWare, and Red Hat. PAN reserves the right to supplement this disclosure should additional relevant agreements be identified during the course of discovery.

**(g)  Any statement of any party to the litigation.**

PAN is not currently aware of any statements of any party relevant to the litigation.

**ADDITIONAL DISCLOSURES**

**(a)** **Provide the disclosures required by the Patent Rules for the Eastern District of Texas with the modifications to P.R. 3-1 and P.R. 3-3.**

PAN will comply with the Patent Rules for the Eastern District of Texas and make the disclosures required by the deadlines set forth in the Docket Control Order.

**(b)** **Except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas, produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are nonprivileged and relevant to that party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.**

PAN intends to engage in a rolling production of documents that are relevant to its claims or defenses and proportional to the needs of the case.

**(c)** **provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.**

Based upon the infringement positions taken by Plaintiff in its Complaint, and Plaintiff's apparent claim construction positions, PAN believes that this case is exceptional. Accordingly, PAN intends to seek recovery of its reasonable attorneys' fees and costs and expenses associated with its defense of this matter. PAN will provide such calculation at a time in the future to be determined by the Court after the Court has determined the case to be exceptional.

Respectfully submitted this 15th day of August 2017.

              **DUANE MORRIS, LLP**

              */s/ David C. Dotson*
              L. Norwood Jameson (Georgia Bar No. 003970)
              Matthew S. Gaudet (Georgia Bar No. 287789)
              David C. Dotson (Georgia Bar No. 138040)

John R. Gibson (Georgia Bar No. 454507)
1075 Peachtree Street, N.E., Suite 2000
Atlanta, Georgia  30309-3929
Office:  (404) 253-6900
E-mail:  wjameson@duanemorris.com
E-mail:  mcgaudet@duanemorris.com
E-mail:  dcdotson@duanemorris.com
E-mail:  jrgibson@duanemorris.com
E-mail:  snanderson@duanemorris.com

**GILLAM & SMITH LLP**
Melissa Richards Smith
Allen Franklin Gardner
102 N College, Suite 800
Tyler, TX 75702
903-934-8450
Fax: 903-934-9257
E-mail: melissa@gillamsmithlaw.com
Email: allen@gillamsmithlaw.com

*ATTORNEYS FOR DEFENDANT PALO ALTO NETWORKS, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2017, the foregoing document was served upon all counsel of record for plaintiff in the consolidated case via e-mail.

**DUANE MORRIS, LLP**

*/s/ David C. Dotson*
David C. Dotson
1075 Peachtree Street, N.E., Suite 2000
Atlanta, Georgia  30309-3929
Office:  (404) 253-6900
E-mail:

***ATTORNEY FOR DEFENDANT PALO ALTO NETWORKS, INC.***